UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD JUBENVILLE,

    Plaintiff,

v.

GENESEE COUNTY JAIL, and
DEPUTY ROBBINS,

    Defendants.

Case No. 2:24-cv-10371
District Judge Laurie J. Michelson
Magistrate Judge Kimberly G. Altman

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS (ECF No. 11)

### I.    Introduction

This is a prisoner civil rights case. Plaintiff Todd Jubenville (Jubenville), proceeding *pro se*, filed a complaint against Genesee County Jail and Deputy Robbins claiming that his rights were violated while he was incarcerated at the Genesee County Jail (GCJ).[1] Pretrial proceedings have been referred to the undersigned. (ECF No. 7). Before the Court is defendants' motion to dismiss. (ECF No. 11). Jubenville was directed to file a response to the motion by June 14, 2024. (ECF No. 12). That date has passed and Jubenville has not filed a response.

---

[1] On April 16, 2024, Jubenville filed a Notice of Change of Address stating that on April 9, 2024 he was released from GCJ. (ECF No. 9, PageID.24).

1

For the reasons that follow, the undersigned RECOMMENDS that defendants' motion to dismiss be GRANTED.

## II. Background

Jubenville's complaint is difficult to parse. He claims that defendants violated "statute code 190," "statute code 555," (which are Civil Nature of Suit Code Descriptions) and subjected him to cruel and unusual punishment by negligently allowing him to be let out at the same time as the general population inmates while he was in protective custody, in reckless disregard for his well-being. (ECF No. 1).

## III. Legal Standards

### A. Standard for Dismissal

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of

2

the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . . [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

B.  Jubenville's Failure to Respond

As noted above, Jubenville has not filed a response to defendants' motion.

3

The law in this Circuit is not clear on whether a failure to respond to a motion to dismiss constitutes a sufficient ground for granting the motion. In *Carver v. Bunch*, 946 F.2d 451, 453-54 (6th Cir. 1991), the Sixth Circuit held that it is an abuse of discretion for a district court to dismiss under Fed. R. Civ. P. 12(b)(6) solely because the plaintiff failed to respond to a motion to dismiss unless the failure rises to the level of a failure to prosecute. The Sixth Circuit has also held that a failure to respond to a motion to dismiss will be grounds for granting the motion. *See Scott v. State of Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision) (affirming district court's grant of the defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); *Humphrey v. United States AG Office*, 279 F. App'x 328, 331 (6th Cir. 2008).

In light of this conflict, the undersigned will consider the merits of the motion even in the absence of a response.

IV.   Analysis

Defendants argue that (1) Genesee County Jail should be dismissed because it is not capable of being sued, (2) Jubenville has failed to exhaust his administrative remedies as to Deputy Robbins, (3) Jubenville's claim fails because he has not alleged a physical injury, and (4) they are entitled to judgment as a

4

matter of law. As explained below, defendants' are correct on their first and third arguments, and therefore the undersigned declined to address their second and fourth arguments.[2]

### A. Genesee County Jail

Defendants are correct that Jubenville cannot bring a claim against GCJ because it is not a legal entity. It is well settled that county jails and sheriff's departments in Michigan are not legal entities amenable to suit under Section 1983. *Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995), *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (police department is not a proper defendant in a § 1983 case); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (sheriff's department cannot be sued under § 1983); *Edwards v. Jail*, No. 2:16-CV-11596, 2016 WL 2937146, *2 (E.D. Mich. May 20, 2016) (citing cases ruling that government agencies are not legal entities amenable to suit under § 1983); *Nichols v. County of Wayne, et al.*, No. 18-12026, 2018 WL 6505360, *1, n. 2 (E.D. Mich. Dec. 11, 2018) (citing *Anthony v. Chylinski*, 2008 WL 4239204, *2 (E.D. Mich. Sept. 11, 2008)); *Arrington v. DePalma*, No. 1:21-CV-13057, 2022 WL 468947, at *1 (E.D. Mich. Feb. 15, 2022). Jubenville therefore has not stated

---

[2] Defendants' exhaustion argument is based on Jubenville's failure to file any grievances and instead relying on grievances allegedly filed by other GCJ inmates. As to their "judgment as a matter of law" argument, defendants do not provide any specific argument in support.

5

a viable claim against GCJ.

B. Physical Injury Under 42 U.S.C. § 1997e(e)

Defendants also argues that dismissal is appropriate because Jubenville has not alleged a "physical injury" as required under 42 U.S.C. § 1997e(e). Under this statute, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Sixth Circuit has applied Section 1997e(e) strictly, requiring prisoners to plead physical injuries in their complaints in order to satisfy it. For example, in *Harden-Bey v. Rutter*, 524 F.3d 789, 795-796 (6th Cir. 2008), the Sixth Circuit held that "[e]ven if we read [the prisoner's] complaint to allege emotional or mental injuries, [he] cannot bring an Eighth Amendment claim for such injuries because he did not allege a physical injury." (citing § 1997e(e)).

Here, Jubenville does not allege that he was physically injured by any general population inmate during any of the times that he was allegedly released with them. To the contrary, there are no injuries, whatsoever, identified in Section V (titled "Injuries") of the Complaint. (ECF No. 1, PageID.8). Instead, Jubenville seeks compensatory damages for alleged "distress" from being with the general population, i.e., emotional damages. Although § 1997e(e) does not foreclose claims brought to redress constitutional injuries that are distinct from mental and

6

emotional injuries, in *King v. Zamiara*, 788 F.3d 207, 213 (6th Cir. 2015), the Sixth Circuit held that notwithstanding the § 1997e(e) preclusion of mental or emotional claims without a prior showing of physical injury, "the plain language of the statute does not bar claims for constitutional injury *that do not also involve physical injury*." (emphasis added).

Jubenville is not seeking relief for any constitutional injuries distinct from his alleged emotional injuries. He does not allege to have suffered any physical injuries. Therefore, the complaint may be dismissed under 42 U.S.C. § 1997e(e) for failure to allege a physical injury.

V. Conclusion

For the reasons stated above, the undersigned RECOMMENDS that defendants' motion to dismiss, (ECF No. 11), be GRANTED.

Dated: June 21, 2024                             s/Kimberly G. Altman
Detroit, Michigan                                KIMBERLY G. ALTMAN
                                                 United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

7

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 21, 2024.

                                          s/Carolyn Ciesla
                                          CAROLYN CIESLA
                                          Case Manager