UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD JUBENVILLE,

    Plaintiff,

v.

GENESEE COUNTY JAIL, and
DEPUTY ROBINS,

    Defendants.

Case No. 24-10371
Honorable Laurie J. Michelson
Magistrate Judge Kimberly G. Altman

**ORDER ACCEPTING REPORT AND RECOMMENDATION [13],
GRANTING DEFENDANTS' MOTIONS TO DISMISS [11], AND
DISMISSING CASE**

Todd Jubenville filed this pro se civil rights complaint against Genesee County Jail and Deputy Robbins claiming that his rights were violated while he was incarcerated at the Genesee County Jail. Jubenville's complaint is difficult to parse. He claims that defendants violated "statute code 190," "statute code 555," (which are Civil Nature of Suit Code Descriptions) and subjected him to cruel and unusual punishment by negligently allowing him to be let out at the same time as the general population inmates while he was in protective custody. (*See* ECF No. 1.)

All pretrial matters in this case were referred to Magistrate Judge Kimberly G. Altman. (ECF No. 7.) On June 21, 2024, she issued a Report and Recommendation to dismiss this case. (ECF No. 13.) She noted that Jubenville failed to respond to Defendants motion to dismiss (ECF No. 11). (*Id.* at PageID.114–115.) But because "the law in this Circuit is not clear whether a failure to respond to a motion to dismiss

is sufficient ground for granting the motion," she addressed the merits of Defendants' motion. (*Id.*) Judge Altman recommended granting Defendants' motion because: (1) Genesee County Jail was not a legal entity subject to suit, and (2) Jubenville had not alleged any physical injuries as required under 42 U.S.C. § 1997e(e). (*Id.* at PageID.116–118.)

At the conclusion of her Report and Recommendation, Magistrate Judge Altman notified the parties that they were required to file any objections within 14 days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.* at PageID.118–119.) Since Jubenville was served via mail, three days are added to the objection period under Federal Rule of Civil Procedure 6(d). The prison mailbox rule does not apply here, as Jubenville is no longer incarcerated—he appears to have been released in April 2024, before the Report and Recommendation was served. (ECF No. 9, PageID.24.) In all, waiting the 17-day objection period and allowing some time for the Court to receive objections that Jubenville may have mailed, it has now been over 30 days since the Report was served on the parties. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the magistrate judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 149 (1985), the

2

Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." *See also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule does not violate either the Federal Magistrates Act or the Federal Constitution. *Thomas*, 474 U.S. at 155. And "although exceptional circumstances may warrant departure from this forfeiture rule in the interests of justice, no such circumstances are present in this case." *White v. AJM Packaging Corp.*, No. 23-1618, 2024 U.S. App. LEXIS 5824, at *4 (6th Cir. March 11, 2024) (citing *Thomas*, 474 U.S. at 155; *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012)).

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and Recommendation and accepts the recommended disposition. (ECF No. 13.) It follows that Defendants' motion to dismiss (ECF No. 11) is GRANTED and this case is DISMISSED.

SO ORDERED.

Dated: July 31, 2024

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
